[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14463
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02447-SCJ


STEPHEN TERRY BRITT,

Petitioner-Appellant,

versus

WARDEN, USP ATLANTA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 10, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Stephen Terry Britt appeals the district court's dismissal of his pro se 28

U.S.C. § 2241 petition for lack of jurisdiction.  Having already litigated a 28

U.S.C. § 2255 petition, Britt now relies on the savings clause of § 2255(e).  The savings clause is a jurisdictional provision, Williams v. Warden, 713 F.3d 1332, 1340 (11th Cir. 2013), so Britt bears the burden of showing that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review his § 2241 petition, see Turner v. Warden, 709 F.3d 1328, 1333 (11th Cir. 2013).

To meet that burden, Britt must show that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that he was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed his claim at the time it otherwise should have been raised.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  Britt has not claimed that he is relying on a retroactively applicable Supreme Court decision. See id.  The district court thus lacked jurisdiction to consider his arguments.  See Williams, 713 F.3d at 1339–40.

**AFFIRMED.**